UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID SIERRA,

Plaintiff,

-against-

GOOD TIMES DELI CORP, NEW RO DELICATESSEN CORP, TREMONT DELI 1 CORP., MILAN DELI & MARKET CORP., CITY CONVENIENCE MARKET CORP., HAMZA MANAGEMENT CORP., BELLA 1 CONVENIENCE STORE CORP, HAMZA HIDAIS, AHMED TOULBE, and IBRAHAM AL- HIDAIS a/k/a BRIAN AL-HIDAIS,

Defendants.

Case No.:

**COMPLAINT**

Plaintiff DAVID SIERRA ("Plaintiff"), by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants GOOD TIMES DELI CORP, NEW RO DELICATESSEN CORP, TREMONT DELI 1 CORP., MILAN DELI & MARKET CORP., CITY CONVENIENCE MARKET CORP., HAMZA MANAGEMENT CORP., BELLA 1 CONVENIENCE STORE CORP (the "Corporate Defendants"), HAMZA AL-HIDAIS, AHMED TOULBE, and IBRAHAM AL-HIDAIS a/k/a BRIAN AL-HIDAIS (the "Individual Defendants") (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL") based upon the following acts and/or omissions Defendants committed:

i. Defendants' failure to pay Plaintiff the minimum wage for each hour he worked;

ii. Defendants' failure to pay Plaintiff proper overtime wages for each hour he worked in excess of forty (40) hours per week;

iii. Defendants' failure to maintain proper employment records in violation of NYLL § 195.

2. Plaintiff seeks recovery of unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and other relief as provided by the FLSA and NYLL.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to the FLSA, 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Jurisdiction is conferred on this Court because Defendants are, upon information and belief, residents of the State of New York and/or Defendants conduct business in the State of New York. Jurisdiction is conferred on this Court as to all causes of action because they arise under New York State and New York City statutory law.

5. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

**PARTIES**

***Plaintiff***

6. Plaintiff is a New York resident who was employed as a deli manager by Defendants from February 2019 until March 3, 2025.

***Defendants***

7. Each of the Corporate Defendants is a domestic corporation located in the County of Bronx.

8. Upon information and belief, at all times relevant hereto, the Corporate Defendants have been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

9. Upon information and belief, Defendants operate multiple deli locations throughout New York City that are putatively owned by the Corporate Defendants.

10. Upon information and belief, the Corporate Defendants are commonly owned, managed, and controlled by the Individual Defendants; share employees, payroll practices, equipment, and operational resources; and maintain centralized control over labor relations, such that they operate as a single integrated enterprise and joint employer under the FLSA.

11. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA.

12. Plaintiff used equipment, such as electronics, and food and beverage products, that were not fully manufactured in New York State and therefore crossed through interstate commerce.

13. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

15. Individual Defendants each possess the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

16. Upon information and belief, Individual Defendants are owners and/or officers of the Corporate Defendants.

17. Defendant Brian Al-Hidais hired Plaintiff and approved the payroll practices applying to Plaintiff.

18. Upon information and belief, each Individual Defendant possesses operational control over the Corporate Defendants and its employees through their financial control over the Corporate Defendants.

19. Upon information and belief, each Individual Defendant is individually sued in his/her capacity as an owner, officer, employee, and/or agent of the Corporate Defendants.

20. Individual Defendants exercise sufficient operational control over the Corporate Defendants' operations to be considered Plaintiff's employers under the FLSA and NYLL.

## **FACTUAL ALLEGATIONS**

21. Plaintiff worked for Defendants from February 2019 until March 3, 2025.

22. As deli manager, Plaintiff's duties included supervising six other deli workers, managing the cash register, checking out orders, and overseeing food preparation.

### ***Plaintiff's Schedule and Pay***

23. Throughout his entirety of employment, Plaintiff worked Monday through Friday from 6:00 AM to 4:00 PM, and every other Saturday from 6:00 AM to 2:00 PM. Plaintiff also worked occasional Sunday shifts from 6:00 AM to 2:00 PM.

24. Thus, Plaintiff regularly worked approximately 50-66 hours per week, depending on weekend shifts worked.

25. From February 2019 through the end of 2019, Defendants paid Plaintiff an hourly rate of $16.00 per hour for all hours worked.

26. Beginning in 2020, Defendants changed Plaintiff's compensation to a purported salary system, paying him $600 per week and an additional $50 per weekend day, for up to a total of $700 per week on weeks that Plaintiff worked both Saturday and Sunday.

27. Based on Plaintiff's regular work schedule of 50 weekday hours plus 8-16 weekend hours (58-66 total hours per week) and Plaintiff's actual earned wages, Plaintiff's effective hourly rate was well below the applicable NYLL minimum wage rate of $15.00 per hour from 2020 through 2023, $16.00 per hour in 2024 and $16.50 per hour from January 2025 through the end of his employment in March 2025.

28. Defendants failed to compensate Plaintiff at one and a half times his rate of pay for all hours of work in excess of forty hours per workweek.

***NYLL § 195 Violations***

29. Defendants paid Plaintiff entirely in cash.

30. At the time of his hiring, Defendants failed to provide Plaintiff with the required notice pursuant to NYLL § 195(1) containing, among other things, his rate of pay, designated payday, and the name, address, and telephone number for Defendant.

31. Throughout his employment, Defendants also failed to provide Plaintiff with the required wage statements pursuant to NYLL § 195(3) that reflected Plaintiff's work hours and earned wages claimed.

32. Defendants' failure to provide these documents kept Plaintiff uninformed about his pay and therefore prevented him from determining and seeking payment for the precise amount of his unpaid wages and he was thus harmed by being deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier.

33. In particular, because Defendants paid a fixed salary Plaintiff per week throughout the majority of his employment, Plaintiff was not aware of his actual hourly rate, which prevented him from advocating for his proper wages.

**FIRST CAUSE OF ACTION**
**(NYLL Minimum Wage Violations)**

34. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

35. Throughout the statute of limitations period covered by these claims, Defendants failed to pay Plaintiff the New York State minimum wage for all hours worked, in violation of NYLL § 652.

36. By paying Plaintiff a flat weekly amount regardless of hours worked, and given Plaintiff's total hours worked per week, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required New York State minimum wage under NYLL.

37. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**(FLSA Overtime Wage Violations)**

38. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

39. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

40. At all relevant times hereto, Defendants have had and operated under a

decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times his regular rate of pay for all hours of work in excess of forty (40) hours per workweek, in violation of the FLSA.

41. Plaintiff seeks damages in the amount of his unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CAUSE OF ACTION**
**(NYLL Overtime Wage Violations)**

42. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

43. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

44. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff's overtime wages at an hourly rate of 150% of his regular hourly rate for each hour worked in excess of 40 per week, in violation of NYLL.

45. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CAUSE OF ACTION**
**(NYLL § 195 Violations)**

46. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

47. NYLL § 195 requires employers to maintain accurate records of employees' hours worked, wages paid, and other employment information, and to provide employees with written wage statements containing specified information.

48. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring or a change to his pay rate, Defendants were obligated to provide him with a notice describing, *inter alia*, his hourly regular and overtime rates of pay.

49. Pursuant to §195(3) of the NYLL, Defendants were obligated to provide Plaintiff with a wage statement, along with his pay, that specified his rate of pay, hours worked, and the pay period.

50. Defendants failed to provide Plaintiff with a notice or paystubs as required under §195 of the NYLL.

51. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery in accordance with §198 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Statutory damages for wage statement violations pursuant to NYLL § 195; and

E. Plaintiff's costs and reasonable attorneys' fees.

Dated: New York, New York
February 13, 2026

Respectfully submitted,

By: *Michael Taubenfeld*

Michael Taubenfeld, Esq.
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
*ATTORNEYS FOR PLAINTIFF*